PEOPLE *v.* BORTNIK

1. CRIMINAL LAW—ACCOMPLICE TESTIFYING—STATE'S WITNESS—PRIVILEGE—WAIVER.

An accomplice of the defendant who testifies on behalf of the state and implicates the defendant waives any and all privileges; the accomplice cannot testify to those facts supporting his story and then claim privilege to defeat cross-examination.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law §§ 118, 146, 147.
Waiver of immunity from testifying and constitutional provision against self-incrimination, by accomplice testifying for prosecution. 87 ALR 882.
[2, 3] 7 Am Jur 2d, Attorneys at Law §§ 91–152.

2. ATTORNEY AND CLIENT—PRIVILEGE—WAIVER—EFFECT.

The attorney-client privilege belongs to the client, not to the attorney; if the client waives his privilege, the attorney cannot insist upon it.

3. CRIMINAL LAW—ACCOMPLICE TESTIFYING—ACCOMPLICE'S COUNSEL TESTIFYING—STATE'S WITNESS—ATTORNEY AND CLIENT—PRIVILEGE —WAIVER.

An accomplice of the defendant and his counsel may be compelled to disclose their confidential communications when the client turns state's evidence against the defendant, because by becoming a state's witness the accomplice waives the attorney-client privilege.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 October 7, 1970, at Grand Rapids. (Docket No. 7,472.) Decided November 30, 1970.

John K. Bortnik was convicted of breaking a safe with the intent to commit a felony. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, *Stewart D. Fenner, Jr.,* Assistant Prosecuting Attorney, for the people.

*Ford, Kriekard, Stanton & Allen,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.,* JJ.

R. B. BURNS, J. Defendant was convicted by a jury of breaking a safe with the intent to commit a felony. MCLA § 750.531 (Stat Ann 1954 Rev § 28.799). The testimony of Larry Craddock, an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

alleged accomplice, implicated the defendant in this crime.  Specifically, Craddock testified that he and the defendant together committed the crime and shared in proceeds from the safe.  Defense counsel sought to discredit Craddock's incriminating testimony by showing that Craddock, through his attorney, had agreed to and was well aware of a "deal" offered by the prosecution which would be extremely beneficial to Craddock if Craddock implicated the defendant in the crime.[1]

To create the inference that Craddock's testimony was motivated more by the beneficial "deal" than the truth, it was essential to show that Craddock knew of the agreement.  When defendant's attorney examined Craddock's attorney in an attempt to impeach the prior testimony of Craddock, who denied any knowledge of the deal, the trial court expressly ruled that any communications between Craddock and his attorney were privileged.  The ruling was incorrect and severely hampered the defendant in his defense.  Craddock was the only witness who implicated the defendant in this crime and this ruling prevented defendant from attacking his credibility. When an accomplice testifies on behalf of the state and implicates a third person he waives any and all privileges.  He cannot testify to those facts supporting his story and then claim privilege to defeat cross-examination. *Alderman* v. *People* (1857), 4 Mich 414; *People* v. *Gallagher* (1889), 75 Mich 512.

Both *Alderman* and *Gallagher* represent the principle that both client and counsel may be compelled to disclose their confidential communications when

---

[1] The "deal" provided that Craddock would be charged with uttering and publishing (MCLA § 750.249 [Stat Ann 1962 Rev § 28.446]), a less serious crime than safe breaking, and that the prosecutor would recommend or at least not oppose probation.  Craddock in turn was to testify against defendant to the satisfaction of the prosecutor.

the client turns state's evidence against a codefendant. It is well settled that the attorney-client privilege belongs to the client and not the attorney.

Thus, if the client waives the privilege, his attorney cannot insist upon it. *People* v. *Gallagher, supra.*

Reversed and remanded for a new trial.

All concurred.